The judgment must be reversed and a new trial granted, costs to abide the event.

HIRSCHBERG, P. J., WOODWARD, JENKS and THOMAS, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES DILLON, Appellant.

Second Department, December 30, 1910.

Crime — manslaughter, first degree — facts justifying conviction.

Appeal from a judgment convicting the defendant of manslaughter in the first degree. Evidence examined, and *held*, that the judgment should be affirmed.

APPEAL by the defendant, James Dillon, from a judgment of the Supreme Court, rendered on the 29th day of June, 1909, convicting the defendant of the crime of manslaughter in the first degree, and also from an order made on the 29th day of June, 1909, denying the defendant's motion to set aside the verdict and for a new trial.

*Florence J. Sullivan,* for the appellant.

*John F. Clarke, District Attorney,* for the respondent.

RICH, J.:

The defendant, who was a police officer of the city of New York, on Sunday morning, May 2, 1909, shot and killed Louis Probber, a young man nineteen years of age. He was indicted for the crime of murder in the second degree, and upon a trial was convicted of the crime of manslaughter in the first degree. From the judgment of conviction this appeal is taken.

Isaac Probber, the father of the deceased, was the proprietor of a grocery store in the neighborhood where defendant was assigned to duty as patrolman. There is evidence tending to show that on the evening before the killing defendant called at the store and asked deceased for some eggs, which were not given to him; that the following morning (Sunday) he called at the store again and demanded that the vegetables exposed for sale on the sidewalk be taken inside. Deceased's father started to comply with this direction, but before he had finished the task he was placed under arrest by the defendant. It was claimed by persons in the store at the time that the arrest was unreasonable, and during an altercation which followed the defendant choked his prisoner, whereupon deceased telephoned police headquarters in the hearing of defendant, requesting that an officer be sent to the store to arrest a drunken policeman. As the boy turned from the telephone the defendant shot him dead.

On the part of defendant some evidence was given tending to show that the killing was done while he was acting in self-defense. The evidence as to what occurred at the time is conflicting, but after giving it most careful consideration I am convinced that the killing was without provocation, and that the verdict is supported

by the evidence. The argument of the learned counsel for appellant has had our careful consideration, but we can find no good reason for interfering with the action of the learned trial court. Indeed, we regard the defendant as fortunate in escaping conviction for the crime charged against him.

The judgment of conviction must be affirmed.

HIRSCHBERG, P. J., WOODWARD, BURR and CARR, JJ., concurred.

Judgment of conviction affirmed.